## NEVIN *vs.* FOUCHE, ASSIGNEE.

·COMPLAINT, FROM FLOYD. Garnishment. Principal and Surety. Estoppel. (Before Judge Simmons.)

Hall, J.—The purpose of giving a bond with securety to dissolve a garnishment is to substitute that for the plaintiff's right under the garnishment, and the surety on such a bond is estopped from denying that the garnishee had effects belonging to the defendants, or that he was indebted to them in a sum equal to the amount that might be recovered against them. Nor can such a surety set up by plea that he supposed, when he signed the bond, that he would be liable for only so much money as the garnishee had in his hands, or as he might become possessed of, belonging to the defendants, such ignorance or mistake of law being neither induced nor participated in by the other party, and there being no fraud, deception, artifice or misplaced confidence influ·encing his action. Code, §§3753, 3221, 3122.

Judgment affirmed.

Underwood & Rowell, for plaintiff in error.

Dabney & Fouche, for defendant.

---

## HATFIELD *vs.* STATE.

BURGLARY, FROM DADE. Criminal Law. Indictment. Corporations. (Before Judge Fain.)

Hall, J.—Where an indictment for burglary alleged that the defendant broke and entered the storehouse of the "Walker Iron and Coal ·Company,"with intent to commit a felony,without stating whether such company was an artificial or natural person or a firm, this did not furnish a ground for arresting the judgment after conviction. At most, the exception went merely to the form of the indictment, and if good, should have been taken before trial. Code, §§4628, 4629 ; 68 Ga., 822.

(a) This case differs from that of Barbour, administratrix, *vs.* Albany Lodge, No. 24, F. & A. M., (Sept. term, 1884.)

Judgment affirmed.

Jas. Hodge McLean ; B. T. Brock, for plaintiff in error.

Jas. W. Harris, solicitor general, by Robert B. Trippe ; T. W. H. Harris, for the State.